

**IT IS SO ORDERED.
Signed July 24, 2014**

Arthur S. Weissbrodt
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 14-51046-ASW |
| DOLORES A. LACONICO, | Chapter 13 |
| | RS #TJS-1228 |
| Debtor. | |
| | Hearing Date: Jul. 23, 2014 |
| | Hearing Time: 2:30 p.m. |

**MEMORANDUM DECISION RE: IN REM RELIEF FROM STAY**

Before the Court is the Motion for Relief from Stay filed by Creditor PennyMac Holdings LLC, f/k/a PennyMac Mortgage Investment Trust Holdings I, LLC, by its servicing agent PennyMac Loan Services, LLC ("Movant"). Movant is represented by attorney Timothy Silverman. Movant seeks in rem relief under Bankruptcy Code § 362(d)(4) with respect to the real property located at 1914 Minniconjou Drive, South Lake Tahoe, California (the "Property"). Debtor, who is pro se, has not responded to the motion.

Section 362(d)(4) requires the Court to grant in rem relief

> if the court finds that the filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:

(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
(B) multiple bankruptcy filings affecting such real property.

Before a creditor can obtain in rem relief under § 362(d)(4), the creditor must establish that the creditor holds a security interest in the subject property. In re Duncan & Forbes Development, Inc., 368 B.R. 27 (Bankr. C.D. Cal. 2007). Here, Movant has satisfied the threshold requirement of demonstrating that a security interest exists. Movant's security interest is adequately shown by the note and deed of trust executed by the original borrower, Josephine Bantug (exhibits 1 & 2, respectively, to the Declaration of Rita Garcia, Bankruptcy Manager for Movant). According to Ms. Garcia's declaration, subsequent to the execution of the note and deed of trust, JP Morgan Chase Bank ("Chase") acquired the loan from the Federal Deposit Insurance Corporation as Receiver for Washington Mutual f/k/a Washington Mutual Bank, FA. On September 14, 2013, Movant acquired the loan from Chase (Exhibit 9 to Garcia Declaration).

Movant must also show (1) that debtor's current bankruptcy case is part of a scheme; (2) the purpose of the scheme was to delay, hinder or defraud; and (3) that the scheme involved either multiple bankruptcy filings affecting the property or a transfer of some interest in the real property without approval from the secured creditor or the court. In re Muhaimin, 343 B.R. 159, 167-68 (Bankr D. Md. 2006).

The first element, that the current bankruptcy case is part of a scheme, has been established. A scheme has been defined as an intentional artful plot or plan. Duncan, 368 B.R. at 32.

"Generally a court will infer the existence and contents of a scheme from circumstantial evidence. The party claiming such a scheme must present evidence sufficient for the trier of fact to infer the existence and content of the scheme." Id. The Debtor's instant bankruptcy petition is the most recent in a line of thirteen other bankruptcy cases filed in the last four years involving the Property. During this time the Property was transferred via grant deed from the original owner, Ms. Bantug, to three different individuals, Purisima C. Laconico, Ramon A. Laconico, and Debtor, Dolores A. Laconico. Even though the Debtor in this case has not previously filed bankruptcy, the sheer number of bankruptcies and transfers of ownership of the Property are enough to infer that the present case is part of a scheme or plan to shield the Property.

The second element, that the scheme hinder, delay and defraud Movant, has also been established. To hinder and delay has been defined as the debtor's actions that unlawfully forestall a creditor's efforts in collecting on its debt. Duncan, 368 B.R. at 34. Of the fourteen bankruptcy cases affecting the property over the last four years, at least ten of these cases were dismissed for failure to file required documents. Moreover, two bankruptcy petitions were filed in violation of orders from the court prohibiting particular debtors from re-filing for a two-year period. This pattern of behavior suggests that these bankruptcies were not filed with the intent to seriously take advantage of the relief provided to debtors by the Bankruptcy Code. Rather, these inadequate filings are indicative of a scheme to hinder, delay, and

defraud the Movant, thereby preventing Movant from foreclosing upon the Property.

The third element, requiring multiple bankruptcy filings or a transfer of an interest in the real property, has been satisfied. Movant's declaration describes three grant deeds and thirteen prior bankruptcies that have affected the Property in the last four years.

For the foregoing reasons, the Court grants the motion for in rem relief pursuant to § 362(d)(4). Counsel for Movant may submit a proposed form of order.

**\*\*\* END OF MEMORANDUM DECISION \*\*\***

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | Dolores A. Laconico<br>875 Plaza Drive |
| 4 | San Jose, CA 95125 |
| 5 | |
| 6 | Timothy Silverman, Esq.<br>To be served via ECF |